## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

GREGORY F. GRUGNALE, individually )
and on behalf of all others similarly situated, )
                                  )
           Plaintiff,             )
                                  )
      v.                            )      Case No.
                                  )
GREEN TREE SERVICING, LLC,      )      JURY TRIAL DEMANDED
                                  )
           Defendants.         )

## CLASS ACTION COMPLAINT

1.      Plaintiff, Gregory F. Grugnale, individually and on behalf of all others similarly situated, through his undersigned counsel, alleges as and for his class action complaint against Defendant, Green Tree Servicing, LLC, upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### NATURE OF THE CASE

2.      Green Tree Servicing, LLC ("Defendant") negligently, knowingly, and/or willfully contacted Plaintiff on his cellular telephone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA"), thereby repeatedly invading Plaintiff's privacy over a period of several years.

3.      By effectuating these unauthorized calls, Defendant has caused Plaintiff – and other consumers – actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies such unauthorized calls, but also because consumers frequently have to pay their cell phone service providers for the receipt of such unauthorized calls.

4.      Plaintiff brings this action for himself and others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant in negligently, knowingly, and/or willfully contacting Plaintiff on his cellular telephone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA") and the Massachusetts Consumer Protection Act, Mass. Gen. Laws, ch. 93A, §§ 2 and 9, thereby invading Plaintiff's privacy.

## JURISDICTION AND VENUE

5.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this is a civil action arising under the laws of the United States.

6.      Personal jurisdiction over Defendants is proper under Mass. Gen. Laws ch. 223A, § 3(a) (transacting any business in the Commonwealth) and (c) (causing tortious injury by an act or omission in the Commonwealth).

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this District including, *inter alia*, the placing of telephone calls in violation of the TCPA to Plaintiff's and other Class Members' wireless telephone numbers located in this District and because Defendant does business in this District.

## PARTIES

8.      Plaintiff, Gregory F. Grugnale ("Plaintiff"), is a natural person residing in Groveland, Massachusetts, and is a "person" as defined by 47 U.S.C. § 153 (10).

9.      Defendant, Green Tree Servicing, LLC ("Defendant"), is a wholly owned subsidiary of the publicly traded company Walter Investment Management Corp. (NYSE: WAC).

Walter Investment Management ("Walter") is based in Tampa, Florida.  Defendant is based in St.

Paul, Minnesota.  Defendant operates twenty-nine offices for its debt recovery operations.

## FACTUAL ALLEGATIONS

10.     On or about August 13, 2010, Defendant began telephoning Plaintiff regarding an

alleged debt which he did not, and does not, owe.  Letters began to be sent out on this alleged

debt at that time.  They were soon followed by autodialed/predicatively dialed phone calls to

Plaintiff's cellular phone.

11.     On or about September 13, 2010 a letter was sent to Defendant stating that the

alleged debt was disputed and that all phone calls to Plaintiff should cease and desist.

12.     By April, 2012, Plaintiff had received well over twenty (20) phone calls from

Defendant, including at least six (6) calls in the month of February, 2012, alone.

13.     On calls that Plaintiff answered, there was a period of silence before a live person

spoke, by which Plaintiff was able to discern that a machine dialed the number and then waited

for him to answer before bringing a representative on the line.

14.     Plaintiff is not a party to the alleged debt about which he was being contacted.

Plaintiff's cellular phone number was never provided to Defendant.  Plaintiff does not have any

business relationship with Defendant, and never has.

15.     Plaintiff received auto-dialed calls to his cellular phone from numerous call

centers and telephone numbers operated by Defendant.  He estimates that he received as many as

100 unlawful calls in total from Defendant. These calls became an ordeal for Plaintiff that caused

him intense annoyance and distress. The calls disrupted him at work and at home, came at

morning and at night, and sometimes occurred several times in the same day.  The unrelenting

calls from Defendant intruded upon Plaintiff's solitude and privacy, and disrupted time with his

family, such as grocery shopping or having dinner. The harassment so impinged upon the quality

of his life that Plaintiff finally resorted to seeking the help of an attorney to make the calls stop.

## CLASS ALLEGATIONS

16.     Plaintiff brings this action on behalf of himself and all others similarly situated, as

a member of the proposed class (hereafter the "Class") defined as follows:

> All persons within the United States who, at any point from April
> 3, 2009, to the present, received any telephone calls from or on
> behalf of Defendant to said person's cellular telephone made
> through the use of any automatic telephone dialing system or an
> artificial or prerecorded voice and who had not previously
> consented to receiving such calls.

17.     Plaintiff represents, and is a member of the Class, consisting of all persons within

the United States who, within the four years prior to the filing of this Complaint, received any

telephone calls from Defendant to said person's cellular telephone made through the use of any

automatic telephone dialing system or an artificial or prerecorded voice and such person had not

previously provided their cellular telephone number to Defendant.

18.     Defendant, its employees and agents are excluded from the Class.  Plaintiff does

not know the number of members in the Class, but believes the Class members number in the

thousands, if not more.  Thus, this matter should be certified as a Class Action to assist in the

expeditious litigation of the matter.

19.     The Class is so numerous that the individual joinder of all of its members is

impractical. While the exact number and identities of the Class members are unknown to

Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is

informed and believes and thereon alleges that the Class includes thousands of members.

Plaintiff alleges that the Class members may be ascertained by the records maintained by

Defendant.

20.     Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and Class members via their cellular telephones thereby causing Plaintiff and Class members to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and Class members.

21.     Common questions of fact and law exist as to all members of the Class which predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, *inter alia*, the following:

a.      Whether, within the four years prior to the filing of this Complaint, Defendant made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

b.      Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

c.      Whether Defendant should be enjoined from engaging in such conduct in the future.

22.     As a person that received numerous calls from Defendant using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class.

23.     Plaintiff will fairly and adequately protect the interests of the members of the Class.  Plaintiff has retained attorneys experienced in the prosecution of class actions.

24.     A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

25.     The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

26.     Defendant has acted or refused to act in respects generally applicable to the Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

**COUNT I**
**Negligent Violation of the Telephone Consumer Protection Act**
**47 U.S.C. § 227, *et seq.***

27.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-26.

28.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq.*

29.     As a result of Defendant's negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

30.     Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**COUNT II**
**Knowing and/or Willful Violation of the Telephone Consumer Protection Act**
**47 U.S.C. § 227, *et seq.***

31.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-30.

32.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq.*

33.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

34.     Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT III
### Unfair and Deceptive Business Practices
### Mass. Gen. Laws, ch. 93A, §§ 2 and 9
### (Brought on behalf of Plaintiff and the Massachusetts Subclass)

35.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-34.

36.     Plaintiff brings this claim on behalf of himself and all persons within the Commonwealth of Massachusetts who, at any point from April 3, 2009 to the present, received any telephone calls from or on behalf of Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and who had not previously consented to receiving such calls (the "Massachusetts Subclass").

37.     At all relevant times, Defendant was engaged in commerce for purposes of Mass. Gen. Laws ch. 93A.

38.     Mass. Gen. Laws ch. 93A, § 2 provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."  Mass. Gen. Laws ch. 93A, § 9 permits any consumer injured by a violation of Mass. Gen. Laws ch. 93A, § 2 to bring a civil action, including a class action, for damages and injunctive relief.

39.     As alleged more fully, Defendant has violated Mass. Gen. Laws ch. 93A, §§ 2 and 9 by placing telephone calls to consumers' cellular telephones through the use of automatic telephone dialing systems or artificial or prerecorded voices without the consumers' prior consent to receive such calls.

40.     Defendant's practices also violate the TCPA and 940 C.M.R. § 3.16 and, as such, are unfair and deceptive in violation of Mass. Gen. Laws ch. 93A, § 2.

8

41.     Pursuant to Mass. Gen. Laws ch. 93A, § 9, Plaintiff, on behalf of himself and members of the Massachusetts Subclass, seeks an order of this Court:

        a.     Enjoining Defendant from continuing to engage, use, or employ any of the unfair and/or deceptive business acts or practices set forth in detail above; and

        b.     Disgorging and restoring all monies that may have been acquired by Defendant as a result of such unfair and/or deceptive acts or practices.

42.     Plaintiff and members of the Massachusetts Subclass will be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

43.     The unfair and deceptive acts and practices of Defendant, as described above, present a serious threat to Plaintiff and members of the Massachusetts Subclass.

44.     Plaintiff made a demand for relief, in writing, to Defendant at least thirty (30) days prior to filing this complaint, as required by Mass. Gen. Laws ch. 93A, § 9.

45.     Based on the foregoing, Plaintiff and the other members of the Massachusetts Subclass are entitled to all remedies available pursuant to Mass. Gen. Laws ch. 93A including, but not limited to, refunds, actual damages, or statutory damages in the amount of twenty five dollars per violation, whichever is greater, double or treble damages, attorneys' fees and other reasonable costs.

46.     Pursuant to Mass. Gen. Laws ch. 231, § 6B, Plaintiff and other members of the Class are further entitled to pre-judgment interest as a direct and proximate result of Defendant's wrongful conduct.  The amount of damages suffered as a result is a sum certain and capable of calculation and Plaintiff and Massachusetts Subclass members are entitled to interest in an amount according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Gregory F. Grugnale, on behalf of himself and the Class, prays for the following relief:

A.      An order certifying this case as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of the Class defined herein, and appointing Plaintiff as representative of the Class and her counsel as Class counsel;

B.      An award of actual and statutory damages;

C.      An injunction requiring Defendant to cease all unauthorized telephone calls prohibited by the TCPA and Massachusetts law;

D.      An award of reasonable attorneys' fees and costs; and

E.      Such further and other relief the Court deems just and appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED:  April 3, 2013                      Respectfully submitted,

                                           GREGORY F. GRUGNALE


                              By:    /s/ Patrick J. Sheehan
                                     Patrick J. Sheehan (BBO # 639320)
                                     *psheehan@whatleykallas.com*
                                     WHATLEY KALLAS, LLC
                                     60 State Street, Seventh Floor
                                     Boston, Massachusetts  02109
                                     (617) 573-5118
                                     (617) 573-5090 (fax)

William M. Sweetnam
*wms@sweetnamllc.com*
SWEETNAM LLC
582 Oakwood Avenue, Suite 200
Lake Forest, Illinois  60045
(847) 559-9040
(847) 919-4399 (fax)

Preston W. Leonard (BBO # 680991)
*pleonard@theleonardlawoffice.com*
LEONARD LAW OFFICE, LLP
139 Charles Street, Suite A121
Boston, Massachusetts  02114
(617) 595-3640

Joshua N. Garick (BBO #674603)
*joshua@garicklaw.com*
LAW OFFICES OF JOSHUA N. GARICK, P.C.
100 TradeCenter, Suite G-700
Woburn, MA 01801
(617) 600-7520

*Attorneys for Plaintiff*